**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1322-15T4

JEFFREY J. SOUTHARD,

      Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

      Respondent.

_____

      Submitted March 6, 2017 — Decided  March 15, 2017

      Before Judges Haas and Currier.

      On appeal from the New Jersey State Parole
      Board.

      Jeffrey J. Southard, appellant pro se.

      Christopher S. Porrino, Attorney General,
      attorney for respondent (Lisa A. Puglisi,
      Assistant Attorney General, of counsel;
      Gregory R. Bueno, Deputy Attorney General, on
      the brief).

PER CURIAM

     Appellant Jeffrey Southard appeals from the March 25, 2015

final administrative decision of the New Jersey State Parole Board

("Board") denying him parole and imposing a twenty-month Future Eligibility Term ("FET"). We affirm.

On June 15, 2009, appellant pled guilty to one count of first-degree money laundering and one count of second-degree securities fraud. On December 4, 2009, the trial court sentenced appellant to a fifteen-year prison term on the money laundering charge, with a five-year period of parole ineligibility, and to a concurrent ten-year term on the securities fraud charge.

In October 2014, appellant appeared before a two-member panel of the Board, at which he was considered for parole for the first time since his incarceration. The panel denied parole for several reasons. Among other things, the panel noted that appellant was incarcerated for a multi-crime conviction, had committed numerous, serious disciplinary infractions, and lacked sufficient problem resolution because he had no remorse for his actions and still sought to portray himself as a victim.

Appellant filed an appeal with the full Board. On March 25, 2015, the full Board similarly concluded that appellant was ineligible for parole, and imposed a twenty-month FET.[1] The Board noted that there were several mitigating factors, including

---

[1] This was the presumptive FET for appellant's convictions because he was serving a mandatory minimum term of between four and eight years. N.J.A.C. 10A:71-3.21(a)(3).

appellant's lack of a prior criminal record, and his participation in appropriate institutional programs. However, the Board found that appellant continued to minimize his conduct, which involved the misappropriation of over $1 million in funds. In addition, defendant had multiple institutional infractions, including one in May 2014 that involved appellant operating an unauthorized business at the prison.

Because the Board found that there was a reasonable expectation that appellant would violate the conditions of parole if he were released, the Board denied parole. This appeal followed.

On appeal, appellant contends that the Board's decision is arbitrary and capricious and should be set aside. We disagree.

We must accord considerable deference to the Board and its expertise in parole matters. Our standard of review of the Board's decisions is limited, and "grounded in strong public policy concerns and practical realities." Trantino v. N.J. State Parole Bd., 166 N.J. 113, 200 (2001) ("Trantino V"). "The decision of a parole board involves 'discretionary assessment[s] of a multiplicity of imponderables[.]'" Id. at 201 (alteration in original) (quoting Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 10, 99 S. Ct. 2100, 2105, 60 L. Ed. 2d 668, 677 (1979)).

"To a greater degree than is the case with other administrative agencies, the Parole Board's decision-making function involves individualized discretionary appraisals." Ibid. (citing Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 358-59 (1973)). Consequently, our courts "may overturn the Parole Board's decisions only if they are arbitrary and capricious." Ibid. We will not disturb the Board's factual findings if they "could reasonably have been reached on sufficient credible evidence in the whole record." Id. at 172 (quoting Trantino v. N.J. State Parole Bd., 154 N.J. 19, 24 (1998) ("Trantino IV") (quoting N.J. State Parole Bd. v. Cestari, 224 N.J. Super. 534, 547 (App. Div.), certif. denied, 111 N.J. 649 (1988))); see also McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002) (applying that standard).

Having reviewed the record in light of these well-accepted standards, including the materials in the confidential appendix, we conclude that appellant's arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(D). There is abundant support in the record for a conclusion that there is "a reasonable expectation that [appellant] will violate conditions of parole . . . if released on parole at that time." N.J.S.A. 30:4-123.53(a). Therefore, we discern no basis for disturbing the Board's decision to deny

parole. We are likewise satisfied that the presumptive twenty-month FET imposed by the Board is supported by the record and is neither arbitrary or capricious.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION